KILLAM v. STATE.

(Supreme Court, Appellate Division, Third Department.    September 4, 1901.)

GRANT FROM STATE—ABSENCE OF WARRANTY—FAILURE OF TITLE—DAMAGES.
  Laws 1897, c. 155, gave the board of claims jurisdiction to hear the
  claim of K. against the state for damages alleged to have been sustained
  by him owing to failure of title to land granted by the state, and pro-
  vided the board should award such damages, if any, as should be just.
  *Held* that, the grant not having contained any covenant of warranty, the
  action of the board in awarding no damages for failure of title was
  proper.

  Appeal from court of claims.
  Claim of Thomas Killam against the state. From a judgment
of the board of claims dismissing the complaint, claimant appeals.
Affirmed.
  Argued before PARKER, P. J., and KELLOGG, EDWARDS,
SMITH, and CHASE, JJ.

  Richard Crowley, for appellant.
  John C. Davies, Atty. Gen., and George H. Stevens, Dep. Atty.
Gen., for the State.

  EDWARDS, J.   The state of New York, by letters patent dated
July 26, 1845, granted to Daniel Cady lot No. 58 in the Canastota
tract in Madison county, containing $71^2/_{10}$ acres.   Daniel Cady de-
vised lot No. 58 to his daughter, Margaret McMartin, through whom,
by mesne conveyances, Thomas Killam, the claimant, and Jason H.
Howard, in 1863, acquired the title to lot No. 58 that was conveyed
to Cady.   In January, 1864, while Killam and Howard were in pos-
session under the deeds to them, an action was brought against
them by Daniel Lewis to recover possession of $17^{53}/_{100}$ acres of the
said lot, and on August 23, 1869, judgment for possession was ren-
dered for the plaintiff, which judgment was in January, 1872, af-
firmed by the general term of the supreme court, and Howard and
Killam were evicted from the $17^{53}/_{100}$ acres.   On June 3, 1882, How-
ard assigned to Killam, the claimant, all his interest in any claim
by reason of failure of title to the land.   Under chapter 510 of the
Laws of 1889 the claim of Thomas Killam against the state for
damages arising out of the failure of title was presented to the
board of claims, and the board refused to make an award to the
claimant, on the ground that "the facts proved would not create
a legal liability against the state were the same established in a
court of justice against an individual."   That statute provided that
no award should be made, unless the facts proved would create
such a liability.   Under chapter 155 of the Laws of 1897 the claim
was again presented by Killam to the court of claims, and from
its judgment dismissing the claim this appeal is taken.
  71 N.Y.S.—66

Chapter 155 of the Laws of 1897 confers jurisdiction on the board of claims "to hear, audit and determine the claim of Thomas Killam against the state of New York for damages alleged to have been sustained by him, arising from or in consequence of the failure of title to land situate in the so-called Canastota tract in the county of Madison and state of New York, granted to Daniel Cady under the great seal of the state by letters patent, dated the twenty-sixth day of July, one thousand eight hundred and forty-five, * * * including the actual costs and expenses incurred by the said Thomas Killam in defending such title"; and provides that, "if the facts proved before said board shall establish that damages have been sustained by said claimant, arising or resulting as hereinbefore stated, said board shall determine the amount of such damages and award to him such sum therefor as shall be just and equitable." The act does not contain the provision as to legal liability that was contained in the act of 1889. The consideration for the grant of the 71 acres by the state to Cady is not expressed in the letters patent, and does not appear in the evidence; although the counsel for the respondent contends that from the clause in the grant which reads, "upon condition, nevertheless, that our said grantee, his heirs or assigns, shall pay and satisfy all taxes that may have been assessed on the above-granted premises," the proper inference is that the consideration was the payment by the grantee of the taxes on the premises. Whether or not this is correct is not material in the consideration of the question involved, and cannot affect the result.

The only authority of the court of claims to award damages to the claimant is derived from the statute. That authority is, in substance, to determine the amount of damages sustained by the claimant in consequence of the failure of title to the lands, and to award to him "such sum therefor as shall be just and equitable." If the word "damages" in the statute be construed in its legal sense of injuries sustained by a breach of the contract, the judgment dismissing the claim of the claimant was unquestionably right. There was no breach of the contract on the part of the state. The grant to Cady did not contain any covenant of warranty, and no such covenant can be implied. Damages for failure of title to land can be recovered only on express covenants contained in the deed. 1 Rev. St. p. 738, § 140; Burwell v. Jackson, 9 N. Y. 541. But if the word "damages" be construed in the broader and more liberal sense of pecuniary loss sustained, I think the same result must follow. The court of claims is authorized to award only such damages for failure of title "as shall be just and equitable." It must be conceded that the principles of justice and equity applicable to this claim are no different from those that could be invoked if the claim were against an individual; and the question presented, in its simplest form, is whether justice and equity require a grantor in a deed not containing any covenant to make pecuniary compensation to a grantee for loss sustained by him through failure of title

That there is no such legal liability on the grantor is well settled, and I think it equally clear that there is no just or equitable requirement. The grantee gets all that he bargained for; that is, such title as his grantor has to the lands conveyed. He has ample opportunity for an examination of the records, and thus equal means of knowledge with his grantor as to the title, and, if he accepts a deed without covenants, he fully understands that he does so at his own risk. He does not bargain for a covenant of warranty, and is not justly and equitably entitled to anything more than the vendor agreed to give him. It is only on the theory that the legislature intended to incorporate in the letters patent to Cady a covenant of warranty that any award could possibly be made to the claimant. That such was the purpose would be a violent presumption. There are no words in the act expressing or implying such an intention, nor can any reason be discovered for its existence. The grantee got all that he bargained for or expected to receive, and that his successor should be compensated for something beyond this is not required by any "just and equitable" principle. Such an award would be a mere gratuity.

Having reached this conclusion, the consideration of the constitutionality of the statute in question is unnecessary. The judgment appealed from should be affirmed.

Judgment affirmed, with costs.   All concur.